**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**CHARLES ALEXANDER,**

**Plaintiff,**

**v.**

**BRIDGET KIMBROUGH,**

**Defendant.**

**Case Number 2:25-cv-942**
**Judge Edmund A. Sargus, Jr.**
**Magistrate Judge Chelsey M. Vascura**

**OPINION AND ORDER**

This matter is before the Court on Defendant Bridget Kimbrough's Motion to Dismiss (ECF No. 13) and Plaintiff Charles Alexander's Motion for Leave to File a More Definite Statement, captioned "Response to Motion" on the Court's docket (ECF No. 14). For the reasons below, the Court **GRANTS** Plaintiff's Motion for Leave to File a More Definite Statement (ECF No. 14) and **DENIES AS MOOT WITHOUT PREJUDICE** Defendant's Motion to Dismiss (ECF No. 13).

**BACKGROUND**

**I. Factual Background**

The Court summarizes the allegations set forth in Plaintiff's More Definite Statement of Claims (ECF No. 15), which the Court construes as a proposed second amended complaint. Mr. Alexander, an Ohio resident, brings this action against Detective Kimbrough, a detective for the City of Columbus Police Department. (*Id.* ¶¶ 5–6.)

On April 24, 2021, the Columbus Police Department received a 911 call from a security officer reporting that Monique Patterson had been assaulted and required assistance. (*See id.* ¶¶ 8–9.) Officer Jarrell with the Columbus Police Department interviewed Ms. Patterson, who

claimed she had been robbed and assaulted by Mr. Alexander, his son, and his daughter. (*Id.* ¶ 11.) Detective Kimbrough was dispatched to the scene to investigate. (*Id.* ¶ 13.) During an interview, Ms. Patterson said Mr. Alexander's son contacted her about drugs, and she facilitated a deal involving fake drugs, which angered Mr. Alexander's son, leading to threats, abduction, and assault. (*Id.* ¶ 14.)

On May 3, 2021, Detective Kimbrough filed a complaint in the Franklin County Municipal Court charging Mr. Alexander with kidnapping and aggravated robbery. (*Id.* ¶ 16.) In her probable cause affidavit, Detective Kimbrough said Mr. Alexander and his son approached Ms. Patterson about a fraud incident and took her to an unknown residence where Mr. Alexander brandished a handgun. (*Id.* ¶ 17.) Mr. Alexander alleges Detective Kimbrough failed to conduct a reasonable investigation before filing criminal charges. (*Id.* ¶¶ 15–16, 19.)

In September 2022, Mr. Alexander was working with Franklin County Children's Services on a custody matter when he learned of the outstanding warrant and turned himself in. (*Id.* ¶¶ 20–21.) On September 29, 2022, the Franklin County Grand Jury indicted Mr. Alexander for aggravated robbery, robbery, kidnapping, and having a weapon while under a disability. (*Id.* ¶ 22.) Mr. Alexander was unable to post bond and remained in custody for nearly eleven months. (*Id.* ¶¶ 21, 25–26.) Mr. Alexander alleges that no further investigation was conducted between the initial complaint in 2021 and the indictment in 2022. (*Id.* ¶ 36.)

Mr. Alexander was appointed criminal counsel who requested the indictment be dismissed on the grounds that Mr. Alexander did not commit the offense charged and there was no probable cause to charge or indict him. (*Id.* ¶ 39.) Counsel also filed motions alleging Brady violations by Detective Kimbrough and the Franklin County Assistant Prosecuting Attorney assigned to Mr. Alexander's case. (*Id.* ¶¶ 33, 41.) The criminal charges and indictment were

dismissed on August 23, 2023. (*Id.* ¶ 41.) Mr. Alexander does not provide further details about the dismissal.

## II. Procedural Background

Mr. Alexander filed this lawsuit in August 2025 (ECF No. 2), and Detective Kimbrough moved to dismiss the original Complaint (ECF No. 5). Mr. Alexander responded by moving for leave to file an amended complaint (ECF No. 7), and the Court granted that request (ECF No. 8). Then, Detective Kimbrough filed the Motion to Dismiss presently before this Court, requesting that this action be dismissed under Federal Rule of Civil Procedure 12(b)(6) or, in the alternative, that the Court order Mr. Alexander to provide a more definite statement under Federal Rule of Civil Procedure 12(e). (ECF No. 13.) In response, Mr. Alexander filed a Motion for Leave to File a More Definite Statement (ECF No. 14) and a "More Definite Statement of Claims" (ECF No. 15). In reply, Detective Kimbrough argued that Mr. Alexander's More Definite Statement of Claims does not ameliorate the issues presented in her Motion to Dismiss. (ECF No. 16.)

The Court construes Mr. Alexander's Motion for Leave to File a More Definite Statement (ECF No. 14) and More Definite Statement of Claims (ECF No. 15), as a request to file a second amended complaint and proposed second amended complaint respectively. Detective Kimbrough argues Mr. Alexander's request to file a second amended complaint should be denied on futility grounds. (ECF No. 16, PageID 101–04.)

## LEGAL STANDARD

Rule 15 of the Federal Rules of Civil Procedure provides that in situations other than amending a pleading as a matter of course under Rule 15(a)(1) "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "In deciding whether to allow an

amendment, the court should consider the delay in filing, the lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment." *Cain v. Birge & Held Prop. Mgmt., LLC*, No. 2:23-cv-695, 2024 WL 5347353, at *2 (S.D. Ohio Dec. 3, 2024) (quoting *Perkins v. Am. Elec. Power Fuel Supply, Inc.*, 246 F.3d 593, 605 (6th Cir. 2001)). "Amendment of a complaint is futile when the proposed amendment would not permit the complaint to survive a motion to dismiss." *Id.* at *3 (quoting *Miller v. Calhoun County*, 408 F.3d 803, 817 (6th Cir. 2005)). To survive a motion to dismiss, a complaint must contain sufficient factual allegations to state a claim that is plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

**ANALYSIS**

Detective Kimbrough opposes Mr. Alexander's request to amend, arguing that Mr. Alexander's proposed second amended complaint is futile because it does not remedy issues raised in her Motion to Dismiss. (ECF No. 16, PageID 101–04.) In response to Detective Kimbrough's Motion to Dismiss, Mr. Alexander filed a Motion for Leave to File a More Definite Statement and a More Definite Statement of Claims without substantively addressing the arguments raised in the Motion to Dismiss. (ECF Nos. 14, 15.) And Mr. Alexander did not file a reply in support of his Motion for Leave to File a More Definite Statement to address Detective Kimbrough's futility arguments.

Detective Kimbrough argues Mr. Alexander's request to amend should be denied as futile because the proposed second amended complaint does not make clear which claims Mr. Alexander asserts in this action. (ECF No. 16, PageID 102–03.) Instead, the proposed second amended complaint improperly includes a laundry list of claims, says Detective Kimbrough. (*Id.*)

A complaint is an improper "shotgun pleading" when the pleading makes it "virtually impossible for a defendant to know which allegations of fact are intended to support which claims for relief." *Arnold v. CooperSurgical, Inc.*, 681 F. Supp. 3d 803, 824 (S.D. Ohio 2023) (quoting *King v. G4S Secure Sols. (USA) Inc.*, No. 1:18 CV 448, 2019 WL 858672, at *4 (N.D. Ohio Feb. 22, 2019)). To satisfy Federal Rule of Civil Procedure 8(a)(2), plaintiffs must "connect specific facts or events with the various causes of action [they] asserted" to put the defendants on "adequate notice of the claims against them and the grounds upon which each claim rests." *Lee v. Ohio Educ. Ass'n*, 951 F.3d 386, 392–93 (6th Cir. 2020) (affirming dismissal of plaintiff's complaint in part because plaintiff pleaded seven distinct causes of action in a single sentence) (quoting *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 947 (7th Cir. 2013); *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018)). "Failing to plead discrete claims in separate counts is a form of shotgun pleading." *Vaughn v. Roadtex Transp. Corp.*, No. 3:25-cv-196, 2026 WL 450747, at *3 (S.D. Ohio Feb. 20, 2026) (Rose, J.).

Here, Mr. Alexander includes one count in the "Claims for Relief" section of his proposed second amended complaint, titled "Violation of Civil Rights Pursuant to 42 U.S.C. § 1983." (ECF No. 15, PageID 95.) Under that single count, though, Mr. Alexander touches on several causes of action. For example, Mr. Alexander says:

> 55. This is an action brought against Defendant in her individual and official capacities, pursuant to the United States Constitution Amendments IV and XIV, in violation of 42 U.S.C. § 1983 and § 1988.
>
> 56. Defendant was acting under the color of law when she wrongfully and without legal justification subjected Plaintiff to unreasonable seizure, false arrest, and malicious prosecution, depriving her of liberty and due process of law.

(*Id.* ¶¶ 55–56.)

And in the "Facts" section of the proposed second amended complaint, Mr. Alexander alleges:

> 52. This Civil Action seeks compensatory and punitive monetary damages from Defendant for the commission of acts and/or omission to act under color of law, statutes, ordinances, regulations, policies, customs, or usage which deprived Plaintiff of her rights, privileges or immunities secured for Plaintiff by the Constitution and laws of the United States of America and the Constitution of Ohio; and further, for singularly and/or acting in concert to deny, and intentionally failing to prevent and/or neglecting to prevent and/or showing reckless disregard and/or deliberate disregard to preventing the denial of Plaintiff's rights to procedural and substantive due process and equal protection of the laws, and her right to be free from malicious prosecution, false arrest and abuse of process by Defendant
>
> 53. Among other reasons, this action is brought to redress injuries to the liberty, person, and property interests of Plaintiff because of Defendant's acts and/or omissions which include but are not limited to: (a) abuse of process against Plaintiff; (b) malicious prosecution of Plaintiff; (c) fraudulent and malicious deprivation of Plaintiff's rights personal privacy, due process, and equal protection of the laws of the United States of America and the State of Ohio; (d) false arrest/imprisonment; (e) other acts and omissions of which resulted in injury or losses to Plaintiff; (f) abridgment of Plaintiff's rights secured to her under the Fourth, and Fourteenth Amendments of the United States Constitution and similar provisions of the Ohio Constitution; (g) other acts and omissions which resulted in injury or losses to Plaintiff; and (g) other actions and omissions under color of law which resulted in the deprivation of rights secured to Plaintiff under the Constitutions and laws of the State of Ohio.

(*Id.* ¶¶ 52–53.)

As shown above, Mr. Alexander has failed to plead discrete claims in separate counts, and his allegations leave the Court and Detective Kimbrough "guess[ing] at basic elements of Plaintiff's purported claims." *Phillips v. U.S. Fed. Gov't*, No. 1:23 CV 1799, 2024 WL 69192, at *2 (N.D. Ohio Jan. 5, 2024) ("Merely listing federal statutes as a basis for jurisdiction or a cause of action does not meet the federal pleading standard."); *Schiavoni v. Marn*, No. 1:24-cv-2090, 2025 WL 2097747, at *6 (N.D. Ohio July 25, 2025) (ordering plaintiff to file an amended complaint in part because it was "unclear which specific factual allegations in each count serve as the specific basis for each of multiple causes of action supposedly asserted in a specific

count”). Mr. Alexander’s proposed second amended complaint does not make clear which causes of actions are being asserted or connect specific facts or events to the various causes of action.

Given these deficiencies, the Court does not accept Mr. Alexander’s proposed second amended complaint as currently written. But, considering the liberal policy in favor of amendment, the Court will **GRANT** Mr. Alexander’s request to file a second amended complaint. (ECF No. 14); *see Oleson v. United States*, 27 F. App’x 566, 569 (6th Cir. 2001) (quoting *Marks v. Shell Oil Co.*, 830 F.2d 68, 69 (6th Cir. 1987)) (noting that courts interpret the language in Rule 15(a) as conveying “a liberal policy of permitting amendments to ensure the determination of claims on their merits”); *Tefft v. Seward*, 689 F.2d 637, 639 (6th Cir. 1982) (“The thrust of Rule 15 is to reinforce the principle that cases should be tried on their merits rather than the technicalities of pleadings.”). The Court **DIRECTS** Mr. Alexander to file a second amended complaint that remedies the issues discussed herein **within 21 days** of the date of this Opinion and Order.

The Court **WARNS** Mr. Alexander, however, that the cumulative effect of repeated amendments can cause undue delay and prejudice such that future requests to amend are likely to be denied absent exceptional circumstances. *Modesty v. Shockley*, 434 F. App’x 469, 472 (6th Cir. 2011) (“Because the district court had already allowed for two amendments, it was not an abuse of discretion to deny leave to amend a third time.”).

Detective Kimbrough also raises statute of limitations arguments in response to Mr. Alexander’s proposed second amended complaint. (ECF No. 16, PageID 103–04.) But, given that it is unclear which claims are being alleged in the proposed second amended complaint and that Mr. Alexander will be filing a new complaint, the Court declines to address these arguments

at this time. Detective Kimbrough will have the opportunity to make statute of limitations arguments in response to the second amended complaint once it is filed.

Finally, because the Court grants Mr. Alexander's request to file a second amended complaint and Detective Kimbrough's Motion to Dismiss is directed at Mr. Alexander's First Amended Complaint, the Court **DENIES AS MOOT WITHOUT PREJUDICE TO REFILING** Detective Kimbrough's Motion to Dismiss. (ECF No. 13.)

## CONCLUSION

For the reasons above, the Court **GRANTS** (ECF No. 14) Plaintiff Charles Alexander's Response to Motion, which is actually a Motion for Leave to File a More Definite Statement. The Court **DIRECTS** Mr. Alexander to file a second amended complaint that remedies the issues discussed herein **within 21 days** of the date of this Opinion and Order. The Court **WARNS** that no additional amendments are likely to be granted absent exceptional circumstances. The Court **DENIES AS MOOT WITHOUT PREJUDICE** (ECF No. 13) Defendant Bridget Kimbrough's Motion to Dismiss.

This case remains open.

**IT IS SO ORDERED.**

**9/16/2026**
**DATE**

**s/Edmund A. Sargus, Jr.**
**EDMUND A. SARGUS, JR.**
**UNITED STATES DISTRICT JUDGE**